IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

HITACHI CONSTRUCTION
MACHINERY AMERICAS INC.,

    Plaintiff,

v.                                                                    2:25-CV-155-Z

AMARILLO MACHINERY
COMPANY,
*et al.*,

    Defendant.

**MEMORANDUM ORDER AND OPINION**

Before the Court is Plaintiff Hitachi Construction Machinery Americas Inc.'s ("Hitachi") Application for a Writ of Sequestration ("Application"), filed on July 8, 2025 in the same document as the Complaint. ECF No. 1. Because Hitachi combined its pleading with the Application, the Court did not initially expedite its review. Now, having considered the Application and the applicable law, the Court **GRANTS** the Application.

"Sequestration . . . is the modern counterpart of an ancient civil law device to resolve conflicting claims to property." *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 605 (1974) (holding Louisiana's sequestration procedure did not violate due process requirements). It "is an extraordinary pre-judgment writ whereby property in dispute . . . may be seized and held" by designated law enforcement officers "until it is sold, replevied[,] or turned over as ordered by the court." *Baragas v. Coupland State Bank*, No. 03-01-00098-CV, 2001 WL 1509972, at *1 n.3 (Tex. App.—Austin Nov. 29, 2001, no pet.) (not designated for publication). A writ of sequestration typically seeks to prevent concealment, destruction, waste, or disposal of property in which another party has a secured interest while litigation proceeds. *See id.* As such, it is "a conservatory writ" that "does not effect a transfer of title to property," but merely

preserves the property in lieu of a resolution. *Atl. Mar. Servs., LLC v. Ecopetrol Am., LLC*, 2025 WL 3520344, at *1 (E.D. La. Dec. 9, 2025).

Federal Rule of Civil Procedure 64 provides for "sequestration" when that "remedy is available . . . under the law of the state where the court is located." *See J. C. Trahan Drilling Contractor, Inc. v. Sterling*, 335 F.2d 65, 66–67 (5th Cir. 1964) (dismissing appeal from a district court's grant of sequestration because state law deemed the order "an exercise of a sound judicial discretion"). Thus, this Court applies Texas law on sequestration.

Texas law provides for writs of sequestration in a few circumstances. Relevant here, a court may issue a writ of sequestration if:

> the suit is for title or possession of personal property or fixtures or for foreclosure or enforcement of a mortgage, lien, or security interest on personal property or fixtures and a reasonable conclusion may be drawn that there is immediate danger that the defendant or the party in possession of the property will conceal, dispose of, ill-treat, waste, or destroy the property or remove it from the county during the suit.

TEX. CIV. PRAC. & REM. § 62.001. Texas law also describes the permissible timing for a writ of sequestration. In a qualifying case, "[a] writ of sequestration may be issued at the initiation of a suit or at *any time before final judgment*." TEX. CIV. PRAC. & REM. § 62.002 (emphasis added). In order to obtain such a writ, the plaintiff must simply file an "application" that is "made under oath" which sets forth "(1) the specific facts stating the nature of the plaintiff's claim; (2) the amount in controversy, if any; and (3) the facts justifying issuance of the writ." TEX. CIV. PRAC. & REM. § 62.022.

A plaintiff sufficiently describes the claim when the affidavit "states that it is suing for title and possession of the described property and for foreclosure of security interest therein." *Marrs v. S. Tex. Nat. Bank*, 686 S.W.2d 675, 677 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.). A plaintiff may then justify the writ by "describing the property, the value of the property, that the property is in the possession of the defendant, and that the plaintiff

2

fears there is an immediate danger" of disposal, ill-treatment, waste, or destruction of the property. *Id.*

Here, Hitachi has met its preliminary burden under Texas law. Hitachi filed its Application and attached the sworn affidavit of Eric Winkler, Hitachi's "Director of Regional Business for the North American and Latin American Regions." ECF No. 1-1 at 1. That affidavit refers to numerous attached exhibits. These include a document purporting to be an "Authorized Retail Dealer Agreement"; a schedule for "Sales & Service Area"; a schedule for "Minimum Sales Responsibility"; a document listing "Standard Sales Order Terms"; a purported "Purchase-Money Security Agreement"; financing statements; an invoice; emails between the parties discussing an unpaid amount on that invoice; Hitachi's letters purporting to terminate the Dealer Agreement and enforce an acceleration clause under the Security Agreement; and Defendant's website advertising Hitachi products identical to those comprising the collateral. *See id.* at 1–62.

Collectively, these documents allege the following: Hitachi is suing to recover an outstanding debt of $3,011,581.87, secured by collateral in AMC's possession. Because of AMC's default on the Security Agreement, which went uncured after notice, that debt is now due in full. The Dealer Agreement incorporated the Security Agreement. Hitachi attempted to terminate the Dealer Agreement partly on account of AMC's default on the Security Agreement, but AMC has resisted such termination. Specifically, the agreement called for AMC to either fully purchase the collateral or return it to Hitachi upon termination. But AMC has neither paid for nor returned the property. The property is currently in AMC's possession and some is even advertised for sale on AMC's website. If AMC successfully sells the collateral, it may become unreachable. In the interim, the property may depreciate.

Eric Winkler has alleged personal knowledge of facts supporting the Application and the Application provides supporting evidence in its various exhibits. The attached

agreements show a substantial likelihood that a dealer agreement and a security agreement existed between the parties. The standard sales terms, invoices, and emails support the allegation that AMC breached the Dealer Agreement and defaulted on the Security Agreement. The letters corroborate Hitachi's claim that it successfully terminated the Dealer Agreement and caused the secured debt to become due. The Security Agreement and the attached property descriptions show the collateral (*see* ECF No. 1-1 at 45–46) secures that debt. The photographs of AMC's website support the conclusion that AMC's continued possession of the collateral may result in removal, waste, or disposal of the collateral to the detriment of Hitachi's interest in that property.

Finally, the Court notes that writs of sequestration are often issued in *ex parte* proceedings. *See Mitchell*, 416 U.S. at 605. But here Defendants have received notice and an opportunity to respond through the pleadings. *See* ECF No. 7 at 5–6 (responding to Plaintiff's Application for a Writ of Sequestration). The Court considered Defendants' response before granting the writ. The Court also considered the amount of time that has elapsed since the Application's filing. But sequestration may occur at "any time before final judgment." TEX. CIV. PRAC. & REM. § 62.002. Ultimately, the parties' disagreement persists. *See* ECF No. 28 (reporting the parties' inability to reach settlement through alternative dispute resolution). So too, then, does the need for sequestration.

For the reasons stated, the Court **GRANTS** the Application. ECF No. 1. The Court **ORDERS** the Clerk of Court to file a Writ of Sequestration in accordance with Section 62.023 of the Texas Civil Practice and Remedies Code, and pursuant to Sections 62.001, 62.002, and 62.022 of the same, as well as Federal Rule of Civil Procedure 64(a).

The Court further **ORDERS** that Defendants deliver the following described property in Defendants' possession or control to the United States Marshal:

| Description | County | Monetary Value | Chassis No. | Part No. | Invoice No. |
|---|---|---|---|---|---|
| ZW310-6, Cab, SL, no aux. ATT: DE121596; Config No. ZW310-6-C-SLA-HD1-T1 | Randall | $320,513.57 | BANNFB60C90C66246 | EB011905004AA000 | INV0481330 |
| General Purpose, 5.5 Cu. Yd. Bucket w/ BOCE, ZW310-6; Serial No. 237017 | Randall | $23,731.20 | BANNFB60C90C66246 | 38311-61430 | INV0481960 |
| Fire Extinguisher | Randall | $256.80 | BANNFB60C90C66246 | 73Z6110 | INV0483132 |
| <Kit> Rear View Camera Monitor (high mount separated typed) FO; ATT: DE111098; Config. No. S00002606502 | Randall | $1,962.40 | BANNFB60C90C66246 | EB011905004AA000ATT | INV0483132 |
| ZW160-7, Cab, SL, 1 aux, QC circuit, Base ATT: DE126402; Config. No.: ZW160-7-C-SLA-HD3-T1-B; | Randall | $160,347.86 | HCMNTL60K00010246 | EB013901005AA000 | INV0491832 |
| Hydraulic Quick Coupler, 416 Type, ZW160-7 Serial No.: AKR76179 | Randall | $4,906.40 | HCMNTL60K00010246 | ZW160QC_416_HYD | INV0491832 |
| General Purpose, 2.8 CuYd Bucket w/ BOCE, 416, ZW150/150PL; Serial No.: 50404-B54 | Randall | $7,084.80 | HCMNTL60K00010246 | 3831161450 | INV0491832 |
| Fire Extinguisher - WL | Randall | $287.23 | HCMNTL60K00010246 | B500-OTH | INV0492141 |
| Radiator removable dust screens ZW180-7/ZW180PL-7; ATT: DE127384 Config. No.: S00004618100 | Randall | $510.77 | HCMNTL60K00010246 | EB012408006AA000ATT | INV0492141 |
| ZW180-7, Cab, SL, 1 aux, QC circuit, Base ATT: DE126451; Config. No.: ZW180-7-C-SLA-HD3-T1-B | Randall | $178,820.00 | HCMNTK60C00010401 | EB012408006AA000 | INV0497924 |
| General Purpose, 3.4 CuYd Bucket w/ BOCE, 416 Type, ZW180-6; Serial No.: 239215 | Randall | $10,001.60 | HCMNTK60C00010401 | 3831161390 | INV0497924 |
| Hydraulic Quick Coupler, 416 Type, ZW180-6 Serial No.: 243469 | Randall | $5,675.20 | HCMNTK60C00010401 | 92F0898-0913 | INV0497924 |
| ZW180-7, Cab, SL, 1 aux, QC circuit, Base ATT: DE128017 Config. No.: ZW180-7-C-SLA-HD3-T1-B | Randall | $178,820.00 | HCMNTK60A00010425 | EB012408006AA000 | INV0497925 |
| Hydraulic Quick Coupler, 416 Type Serial No.: 243471 | Randall | $5,675.20 | HCMNTK60A00010425 | 92F0898-0913 | INV0497925 |
| ZW180-7, Cab, SL, 1 aux, QC circuit, Base ATT: DE128022 Config. No.: ZW180-7-C-SLA-HD3-T1-B | Randall | $178,820.00 | HCMNTK60H00010430 | EB012408006AA000 | INV0497927 |
| ZW180-7, Cab, SL, 1 aux, QC circuit, Base ATT: DE128027 Config. No.: ZW180-7-C-SLA-HD3-T1-B | Randall | $178,820.00 | HCMNTK60V00010438 | EB012408006AA000 | INV0497928 |
| 60" Construction Utility Fork on 60" Carriage, 416 Type Serial No.: J000168127-3 | Randall | $6,140.80 | HCMNTK60V00010438 | JRB90K2001-0913 | INV0497928 |
| ZW180-7, Cab, SL, 1 aux, QC circuit, Base ATT: DE128028 Config. No.: ZW180-7-C-SLA-HD3-T1-B | Randall | $178,820.00 | HCMNTK60A00010439 | EB012408006AA000 | INV0497929 |
| Hydraulic Quick Coupler, 416 Type Serial No.: 243472 | Randall | $5,675.20 | HCMNTK60A00010439 | 92F0898-0913 | INV0497929 |
| Radiator removable dust screens - ZW180-7/ZW180PL-7; ATT: DE127387 Config. No.: S00004618100 | Randall | $510.77 | HCMNTK60C00010401 | EB012408006AA000ATT | INV0506964 |
| FIRE EXTINGUISHER- WL | Randall | $287.23 | HCMNTK60C00010401 | B500-OTH | INV0506964 |
| FIRE EXTINGUISHER- WL | Randall | $287.23 | HCMNTK60H00010430 | B500-OTH | INV0506965 |
| FIRE EXTINGUISHER- WL | Randall | $287.23 | HCMNTK60V00010438 | B500-OTH | INV0506966 |
| Radiator removable dust screens ZW180-7/ZW180PL-7; ATT: DE127388 Config. No.: S00004618100 | Randall | $510.77 | HCMNTK60A00010425 | EB012408006AA000ATT | INV0510292 |
| FIRE EXTINGUISHER- WL | Randall | $287.23 | HCMNTK60A00010425 | B500-OTH | INV0510292 |
| ZW220-7, Cab, SL, 1 aux, QC circuit, Base ATT: DE131200 Config. No.: ZW220-7-C-SLA-HD3-T1-B | Randall | $233,433.88 | HCMNUD60J00010252 | EB011709010AA000 | INV0519433 |
| ZW220-7; General Purpose, 3.7 CuYd Bucket w/ BOCE 418 Type; Serial No.: J000165800-3 | Randall | $10,203.20 | HCMNUD60J00010252 | 90D4125-0578 | INV0519433 |

| Description | | Price | | | | |
|---|---|---|---|---|---|---|
| ZW220-7: Hydraulic Quick Coupler, 418 Type Serial No.: AKR70569 | Randall | $7,768.00 | HCMNUD60J00010252 | 92F0899-0971 | | INV0519433 |
| ZW220-7, Cab, SL, 1 aux, QC circuit, Base ATT: DE131201 Config. No.: ZW220-7-C-SLA-HD3-T1-B | Randall | $233,433.88 | HCMNUD60C00010253 | EB011709010AA000 | | INV0519436 |
| ZW220-7: General Purpose, 3.7 CuYd Bucket w/ BOCE 418 Type; Serial No.: J000165800-4 | Randall | $10,203.20 | HCMNUD60C00010253 | 90D4125-0578 | | INV0519436 |
| ZW220-7: Hydraulic Quick Coupler, 418 Type Serial No.: AKR70571 | Randall | $7,768.00 | HCMNUD60C00010253 | 92F0899-0971 | | INV0519436 |
| ZW250-6, Cab, SL, Aux ready.; ATT: DE131207 Config. No.: ZW250-6-C-SLA-HD6-T1 | Randall | $253,872.52 | BANNEM60H85C66289 | EB011805006AA000 | | INV0519437 |
| ZW250-6, Cab, SL, Aux ready. ATT: DE129598 Config. No.: ZW250-6-C-SLA-HD6-T1 | Randall | $253,872.52 | BANNEM60T85C66281 | EB011805006AA000 | | INV0520715 |
| General Purpose, 4.2 CuYd Bucket w/ BOCE, 418 Type ZW250-6 Serial No.: J000165430-4 | Randall | $13,006.40 | BANNEM60T85C66281 | 90D4143-0578 | | INV0520715 |
| General Purpose, 4.2 CuYd Bucket w/ BOCE, 418 Type ZW250-6 Serial No.: J000169146-1 | Randall | $13,006.40 | BANNEM60H85C66289 | 90D4143-0578 | | INV0523395 |
| 72" Construction Utility Fork on 106" Carriage, 418 Type Serial No.: J000167552-1 | Randall | $11,342.40 | BANNEM60H85C66289 | QC600CUF10672M | | INV0523395 |
| 72" Construction Utility Fork on 106" Carriage, 418 Type Serial No.: J000167371-4 | Randall | $11,342.40 | BANNEM60T85C66281 | QC600CUF10672M | | INV0524600 |
| ZW220-7, Cab, SL, 1 aux, QC circuit, Base ATT: DE132473 Config. No.: ZW220-7-C-SLA-HD3-T1-B | Randall | $233,277.88 | HCMNUD60T00010280 | EB011709010AA000 | | INV0531959 |
| Hydraulic Quick Coupler, 418 Type, ZW220-6 Serial No.: AKR70573 | Randall | $7,768.00 | HCMNUD60T00010280 | 92F0899-0971 | | INV0531959 |
| FIRE EXTINGUISHER- WL | Randall | $287.23 | HCMNUD60T00010280 | B500-OTH | | INV0531959 |
| General Purpose, 3.7 CuYd Bucket w/ BOCE, 418 Type2 | Randall | $10,203.20 | HCMNUD60T00010280 | 90D4125-0578 | | INV0531959 |
| Removable dust screens (hood mounted) ATT: DE131594 Config. No.: EB01170999ZY000U | Randall | $1,744.29 | HCMNUD60T00010280 | EB011709010AA000ATT | | INV0531959 |
| ZW220-7, Cab, SL, 1 aux, QC circuit, Base ATT: DE132472 Config. No.: ZW220-7-C-SLA-HD3-T1-B | Randall | $233,277.88 | HCMNUD60K00010279 | EB011709010AA000 | | INV0532318 |
| General Purpose, 3.7 CuYd Bucket w/ BOCE, 418 Type ZW220-6; Serial No: J000165998-1 | Randall | $10,203.20 | HCMNUD60K00010279 | 90D4125-0578 | | INV0532318 |
| Hydraulic Quick Coupler, 418 Type, ZW220-6 Serial No.: AKR70572 | Randall | $7,768.00 | HCMNUD60K00010279 | 92F0899-0971 | | INV0532318 |
| FIRE EXTINGUISHER- WL | Randall | $287.23 | HCMNUD60K00010279 | B500-OTH | | INV0541246 |

*See* ECF No. 1-1 at 45–46.

The Court **ORDERS** that the Writ of Sequestration shall command a United States Marshal of any district or county in the State of Texas to sequester and hold the above-described property that is found in his or her district or county after Defendants surrender it.

If Defendants do not voluntarily deliver the above-described property to the United States Marshal, that Marshal shall be permitted to break open, enter, and search for the above-described property at the disclosed location, or at such other location that Defendants

might possess such property as may be uncovered by Plaintiff or the Marshal with whatever reasonable force is necessary.

This Order shall not be effective unless and until Plaintiff executes and files with the clerk a **bond**, in conformity with the law, in the amount of **$2,500,000**. *See* TEX. R. CIV. P. 698. Plaintiff, as the applicant, is also **ORDERED** to pay the reasonable costs of sequestration, as calculated or recorded by the United States Marshal.

The Writ shall include on its face a prominently displayed notice with the following language in ten-point type font:

To Amarillo Machinery Company, Defendant:

You are hereby notified that certain properties alleged to be claimed by you have been sequestered. If you claim any rights in such property, you are advised:

YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT.

TEX. R. CIV. P. 700a.

AMC, in order to replevy property sequestered pursuant to the Writ, shall file with the officer who levied the Writ a **bond**, in conformity with the law, in the amount of **$2,500,000**. *See* TEX. R. CIV. P. 701. Upon such replevy, Defendant shall abide by the requirements of Teas Rule of Civil Procedure 702 and shall not "waste, ill-treat, injure, destroy, or dispose of the same." Neither may AMC remove the property out of the county. TEX. R. CIV. P. 702.

Having provided a bond conditioned pursuant to Rules 698 and 708 of the Texas Rules of Civil Procedure, Plaintiff shall not be required to post any additional bond for the property in question to replevy the property sequestered if AMC does not replevy within ten days after levy of the [W]rit and service on" AMC. TEX. R. CIV. P. 708.

7

Plaintiff is further **ORDERED** to render personal service of this Order and the ensuing Writ of Sequestration on AMC as soon as practicable.

**SO ORDERED**.

May __16__, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE